**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| ARMANDO DAVID SANCHEZ LIMON, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | Case No. 6:26-cv-03223-MBB |
| | ) | |
| TODD M. LYONS, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER

Petitioner Armando David Sanchez Limon petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241. He argues that the Respondents (collectively, "the Government") wrongfully detained him without a bond hearing under 8 U.S.C. § 1225(b)(2)(A). (**Doc. 1**, p. 3). He asks the Court to order the Government to provide such a hearing or immediately release him. (*Id.* at p. 11). Because Petitioner's detention does not violate the Constitution or 8 U.S.C. § 1182(d)(5)(A), the petition is DENIED.

## Background

Petitioner, a Mexican citizen, entered the United States in February of 2015. (**Doc. 1**, p. 5). He was paroled into the United States under 8 U.S.C. § 1182(d)(5)(A) pending removal proceedings. (*Id.* at pp. 2, 5). An immigration judge ordered Petitioner removed on May 28, 2015. (*Id.*). Petitioner remained in the United States. On September 5, 2025, ICE arrested Petitioner and detained him without bond under 8 U.S.C. § 1225(b)(2)(A). (*Id.* at pp. 3, 10); (**Doc. 7**, p. 2). On September 17, 2025, Petitioner moved to reopen his removal proceedings. (**Doc. 1**, p. 3). An immigration court granted his motion, but Petitioner does not allege that a new removal proceeding has been held. (*Id.*). Petitioner's mother obtained "U Nonimmigrant Status" as a crime victim.

(*Id.* at p. 5).  Petitioner applied for a "derivative U Visa," which is pending with USCIS.  (*Id.*).  He remains detained.  (*Id.* at p. 3).

On April 13, 2026, Petitioner filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241.  (**Doc. 1**).  He emphasizes his parole into the United States in 2015.  He claims that his arrest on September 5, 2025 was a parole revocation, which required notice and an individualized hearing.  (*Id.* at pp. 7-8).  According to Petitioner, DHS's failure to provide such a hearing violated his Fifth Amendment right to procedural due process.  (*Id.* at pp. 8-9); (**Doc. 8**, p. 4).  Petitioner also claims that his pending "U visa status" creates a liberty interest, which likewise requires an individualized hearing.  (**Doc. 1**, p. 9).  He argues that the Government may not rely solely on Section 1225(b)(2)(A) to justify his continued detention without an individualized hearing.  (**Doc. 8**, p. 3).  Finally, Petitioner argues that the Government violated 8 U.S.C. § 1182(d)(5)(A) by effectively revoking his parole.  (**Doc. 1**, pp. 10-11).

The Government counters that Petitioner, as an "applicant for admission," is only entitled to the procedural due process provided by Congress in Section 1225(b)(2)(A).  (**Doc. 7**, p. 5).  And they argue that DHS exercised appropriate discretion to revoke Petitioner's bond.  (*Id.* at p. 12).  They claim that discretionary decision "may be challenged administratively but not in district court."  (*Id.* at p. 13).

### Discussion

28 U.S.C. § 2241 gives federal courts jurisdiction to hear constitutional challenges to the legality of immigration-related detention.  *See **Zadvydas v. Davis***, 533 U.S. 678, 687 (2001).  *See also **Rasul v. Bush***, 542 U.S. 466, 483-84 (2004) (holding that Section 2241 conferred jurisdiction to hear a challenge to an alien's detention).  "District Courts in this circuit and elsewhere agree that a habeas petitioner under § 2241 bears the burden of demonstrating by a preponderance of the

2

evidence that his or her detention is unlawful." ***Vargas Lopez v. Trump***, 802 F. Supp. 3d 1132, 1137 (D. Neb. 2025). *See also **Johnson v. Mabry***, 602 F.2d 167, 171 (8th Cir. 1979) ("Generally, the burden of proof in a habeas corpus proceeding is on the petitioner to establish by a preponderance of the evidence that he is entitled to relief.").

Petitioner fails to carry that burden. His mandatory detention pending removal proceedings is not contrary to procedural due process. And the Court lacks jurisdiction to review Petitioner's statutory challenge to DHS' parole revocation.

## I. Petitioner's continued detention does not violate procedural due process.

To determine whether the Government has given Petitioner sufficient due process, the Court will first address the appropriateness of his mandatory detention under Section 1225(b)(2)(A). The Court will then analyze the merits of his procedural due process claim.

### A. Petitioner is properly detained without bond under 8 U.S.C. § 1225(b)(2)(A).

The parties agree that Petitioner is detained under Section 1225(b)(2)(A). That section says that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title." **8 U.S.C. § 1225(b)(2)(A)**. Petitioner is properly detained under 8 U.S.C. § 1225(b)(2)(A) because he is an "applicant for admission" who is "seeking admission." *See* **8 U.S.C. § 1225(b)(2)(A)**. And no immigration officer has determined that he is "clearly and beyond a doubt entitled to be admitted." *See **id.***

#### 1. Petitioner is an "applicant for admission."

An "applicant for admission" is "[a]n alien present in the United States who has not been admitted or who arrives in the United States." **8 U.S.C. § 1225(a)(1)**. "Being 'admitted' does not merely mean being present in the United States; under immigration law, it signifies having made

3

a lawful entry into the country." ***Avila v. Bondi***, 170 F.4th 1128, 1133 (8th Cir. 2026). "An alien who is paroled . . . shall not be considered to have been admitted." **8 U.S.C. § 1101(a)(13)(B)**.

Petitioner, a Mexican citizen, was detained in 2015 and paroled pending removal proceedings. An immigration judge ordered him removed. An immigration court may have reopened those removal proceedings. And Petitioner may have applied for a special visa status. But he presents no evidence that he has made "made lawful entry into the country." *See Avila*, 170 F.4th at 1133. Even assuming that Petitioner was still on parole at the time of his arrest, it makes no difference. *See* **8 U.S.C. § 1101(a)(13)(B)**. Petitioner is an "applicant for admission" under Section 1225(b)(2)(A).

### 2. Petitioner is "seeking admission."

If an alien is an "applicant for admission," he is also "seeking admission." ***Avila***, 170 F.4th at 1134 (holding that "the structure of § 1225(b)(2)(A) does not indicate that 'seeking admission' is a separate requirement for detention under the statute"). In *Avila*, an alien entered the United States illegally in 2016. ***Id.*** at 1132. DHS encountered him during a traffic stop nine years later, arrested him, initiated removal proceedings, and held him without bond under Section 1225(b)(2)(A). ***Id.*** The Eighth Circuit held that Section 1225(b)(2)(A) authorized the alien's detention without bond. According to that court, "an alien 'seeks admission' under the statute simply by being 'present in the United States' while having 'not been admitted.'" ***Id.*** at 1135 (citation omitted).

Here, Petitioner was arrested in the United States, where he has lived since 2015. As discussed, he has not been admitted because he never made "lawful entry into the country." *See id.* at 1133. He is "seeking admission" under Section 1225(b)(2)(A).

**3. No immigration officer has determined that Petitioner is "clearly and beyond a doubt entitled to be admitted."**

An immigration judge ordered Petitioner removed in 2015. Petitioner moved to reopen those removal proceedings after his arrest in September of 2025. He claims that an immigration court granted that motion, but those proceedings are pending. And he may have applied for a special visa status. Petitioner presents no evidence of any other immigration determination. He is not "clearly and beyond a doubt entitled to be admitted." *See* **8 U.S.C. § 1225(b)(2)(A)**. Section 1225(b)(2)(A) permits the Government to detain him without bond.

**B. Petitioner's continued detention does not violate procedural due process because the Government may detain removable aliens pending deportation hearings simply by reference to Section 1225(b)(2)(A).**

Petitioner's procedural due process claim fails because he is properly detained under Section 1225(b)(2)(A). Removable aliens like Petitioner may be detained pending removal proceedings "simply by reference to the legislative scheme." *See **Baynee v. Garland***, 115 F.4th 928, 932 (8th Cir. 2024). *See also **Department of Homeland Security v. Thuraissigiam***, 591 U.S. 103, 140 (2020) (holding that an "applicant for admission" under Section 1225 "has only those rights regarding admission that Congress has provided by statute"). In *Demore v. Kim*, 538 U.S. 510 (2003), the Supreme Court held that detention of a deportable alien without a bond hearing under 8 U.S.C. § 1226(c) did not violate due process. *See **Demore***, 538 U.S. at 531. The Court favorably cited Section 1226(c)'s limitation of detention pending removal. ***Id.*** at 527-29 (holding that detention pending removal proceedings is not indefinite). And in *Baynee*, the Eighth Circuit repudiated any need for a "multi-factor 'reasonableness' test" when evaluating the length of mandatory detention pending removal proceedings. ***Baynee***, 115 F.4th at 933. That court held that "the government can detain an alien for as long as deportation proceedings are still 'pending.'" ***Id.***, *quoting **Demore***, 538 U.S. at 527.

5

True, freedom from imprisonment "lies at the heart of the liberty [the due process clause] protects." ***Zadvydas***, 533 U.S. at 690.  But detention during removal proceedings is "a constitutionally valid aspect of the deportation process."  ***Demore***, 538 U.S. at 523-26 (holding that "the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings").  That is because "Congress may make rules as to aliens that would be unacceptable if applied to citizens."  ***Id.*** at 522.  "A wide range of discretion in the Attorney General as to bail is required to meet the varying situations arising from the many aliens in this country."  ***Carlson v. Landon***, 342 U.S. 524, 543 (1952).

Petitioner's parole pending deportation proceedings did not admit him to the United States under immigration law.  *See* **8 U.S.C. § 1101(a)(13)(B)**; ***Avila***, 170 F.4th at 1133.  Nor did his visa application.  *See* ***Patel v. Ashcroft***, 375 F.3d 693, 697 (8th Cir. 2004) (holding that even an approved visa application does not guarantee admission).  He is still an "applicant for admission," "seeking admission" to the country.  *See* **8 U.S.C. § 1225(b)(2)(A)**.  So he is properly detained under Section 1225(b)(2)(A).

Like the statute in *Demore*, Section 1225(b)(2)(A) requires detention pending removal proceedings.  Petitioner concedes that he is being detained pending removal proceedings.  He presents no evidence that the Government is detaining him for any other reason.  Because Section 1225(b)(2)(A) requires mandatory detention of deportable aliens pending removal proceedings, procedural due process requires no more.  *See* ***Baynee***, 115 F.4th at 932.

II.    **The Court may not review Petitioner's statutory challenge to Government's discretionary decision to revoke Petitioner's parole.**

Petitioner argues that the Government violated 8 U.S.C. § 1182(d)(5)(A) by revoking his parole.  Section 1182(d)(5)(A) says:

> The Secretary of Homeland Security may, except as provided in subparagraph (B) or in section 1184(f) of this title, *in his discretion* parole into the United States

temporarily under such conditions as he may prescribe only on a case-by-case basis for urgent humanitarian reasons or significant public benefit any alien applying for admission to the United States, but such parole of such alien shall not be regarded as an admission of the alien and when the purposes of such parole shall, *in the opinion of the Secretary of Homeland Security*, have been served the alien shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States.

**8 U.S.C. § 1182(d)(5)(A)** (emphasis added).  DHS has discretion to grant or deny parole under the statute.  And DHS may "at any time revoke" parole and detain an alien.  **8 U.S.C. § 1226(b)**.  "No court may set aside" the decision to revoke parole.  **8 U.S.C. § 1226(e)**.  DHS exercised discretion to detain Petitioner and revoke his parole.  The Court may not review that discretionary decision in the context of Petitioner's statutory challenge.

**Conclusion**

Petitioner is an "applicant for admission" who is "seeking admission" under Section 1225(b)(2)(A).  His continued detention does not violate procedural due process.  And the Court lacks jurisdiction to review his statutory claim.  The Petition for a Writ of Habeas Corpus is DENIED.

**IT IS SO ORDERED.**

/s/ Megan Blair Benton
MEGAN BLAIR BENTON
UNITED STATES DISTRICT JUDGE

Dated:  May 4, 2026